DOHRMANN HOTEL SUPPLY CO. v.
BEAU BRUMMEL, Inc.

No. 6207.  Decided June 25, 1940.  (103 P. 2d 650.)

*J. M. Carlson* and *O. W. Carlson,* both of Salt Lake City, for appellant.

*Irvine, Skeen & Thurman* and *A. U. Miner,* all of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

George Glaus, as president and manager of the company, Beau Brummel, Inc., plaintiff and respondent, and his wife Rosa Glaus, were preparing to open a new cafe in Salt Lake City, Utah, under the name of Beau Brummel Cafe. Mr. Glaus went to Los Angeles, California, in October, 1934, to secure restaurant equipment for the new cafe. At the place of business of the plaintiff company in Los Angeles, he examined merchandise and then went to San Francisco, California, to see a thermotainer, which the plaintiff had there. Mr. Glaus concluded to purchase the thermotainer.

He returned to Los Angeles and entered into a conditional sales contract for the purchase of equipment, including the thermotainer, for the new restaurant. The price set for all the merchandise purchased was $2,898.41, but there was a leeway allowed for fluctuation either above or below that amount depending upon the items actually delivered. The total purchase price of the merchandise actually delivered under the contract was stipulated at $2,492.17 and $1,966.33 was paid by the defendant company to the plaintiff, leaving a balance due of $525.84, plus interest. The contract set eight per cent per annum as the interest rate from the due dates of the installments.

The plaintiff brought this action in June, 1936, in replevin in the City Court of Salt Lake City, asking for the possession of the merchandise, or if possession could not be had, a judgment for the value thereof. The original complaint alleged the value of the property to be $555.08 but by amendment the value of the property was set at approximately $900. The actual purchase price of the thermotainer was $500. The original price was said to have been $1,500, but it was purchased as a second hand article.

In the City Court the defendant company set up and alleged settlement as a defense. Upon appeal to the District Court, there was also set up the additional defense of a breach of warranty, both express and implied.

The basis for the alleged settlement is a telegram sent by the plaintiff to Don Nelson, a salesman for the plaintiff in this territory, which read as follows:

"Will accept return Thermotainer at twenty five percent discount from purchase price freight prepaid to Los Angeles providing order you mention is placed with Los Angeles unit on satisfactory credit terms. C. E. McCoskey."

Don Nelson was the sales representative of the plaintiff company in this territory. His base of operations was Portland, Oregon. He was requested by Mr. Glaus to write his house in Los Angeles to determine if a settlement might be made. In answer to his letter the aforesetforth telegram was received. All parties were fully advised that Nelson could not make a settlement in and of himself. He was known not to be a general agent. The only authority he would have to make a settlement would be such authority as was granted by his company in answer to his communication. His actions or representations could not enlarge that authority. The only evidence introduced that Nelson could act in behalf of his company in other than a salesman capacity was that he had received payments on accounts. Mr. Glaus'

request is sufficient to indicate that he knew that Nelson did not have the authority to make a settlement.

The question to be resolved is: Was Nelson made a general agent with secret instructions? Or, was Nelson an agent with specific limitations?

All parties admit that Nelson was not a general agent prior to his writing to the house. There was no communication to the defendant company that would show that there had been any agency established except the representation of Nelson. One dealing with a supposed agent is under the duty to ascertain just what his capacity is. Nelson's representations could not enlarge the scope of the agency, nor did Nelson attempt to enlarge his authority. The authority granted by the telegram was limited and there is no evidence to show that Nelson had been given any authority to make a settlement except with the limitations made in the telegram. The defendant company was not advised as to the contents of the telegram but it was its burden to determine just how great the agency conferred was. Glaus did not see the telegram and Glaus acted upon the assumption Nelson had been made a general agent. There is no evidence to support this assumption. There was a limited agency.

Was there either an express or implied warranty as to what the thermotainer would do?

Words and promises made prior to the execution of a written contract cannot be used to show the intention of the parties when the terms of the contract are clear and unambiguous. *Peterson* v. *Chaix*, 5 Cal. App. 525, 90 P. 948; *Standard Box Co.* v. *Mutual Biscuit Co.*, 10 Cal. App. 746, 103 P. 938; *Balfour* v. *Fresno*, 109 Cal. 221, 41 P. 876.

There is no express warranty or implied warranty in the conditional sales contract. The testimony of Mr. Glaus is that a salesman showed the equipment to him and said it

was "one of the finest pieces of equipment of all" and that "he guaranteed that piece of equipment as one of the best of all. He told me it has been out once, and I believe what he said, that he had went broke, and they had to take it back; the piece of equipment originally cost fifteen hundred dollars, and he said he would sell it to me for five hundred dollars, and guarantee it."

This conversation was prior to the signing of the written contract. The article was in a marketable condition, was inspected by the purchaser at that time. The purchaser was fully aware of his needs and there were no written warranties incorporated in the conditional sales con- ∎ tract that it would perform the functions to which it was to be put by the defendant company. There is no evidence that the salesman knew the requirements the thermotainer must meet. Under such conditions, the rule of caveat emptor applies.

Defendant's motion to retax costs was heard by the District Court. The court made certain modifications of plaintiff's cost bill and there is nothing in the record to indicate that the finding of the court as to costs was not a proper finding. We find no error in the record. Finding no error the judgment is affirmed.

Costs to respondent.

LARSON, McDONOUGH, and PRATT, JJ., concur.

WOLFE, Justice (concurring).

I concur, but according to my view the only questions involved are not whether Nelson was a general agent with specific limitations, but whether (1) a salesman has, within the scope of his authority as a salesman, power to make an agreement to take back merchandise; (2) whether by his statement or conduct he could bind his principal if, without authority of the principal, he made statements or indulged in conduct which purported to enlarge the authority he

would ordinarily have as a salesman; (3) whether the principal had in fact given him unconditional authority to promise a rebate on return of the thermotainer; and (4) whether there was any express or implied warranty that the thermotainer could do what the defendant claimed he expected of it. All these questions I think are answerable in favor of plaintiff and against defendants, for which reasons I concur.